[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was initiated by the plaintiff in Small Claims Court to recover condominium maintenance fees. The defendant moved to transfer to the Regular Docket of the Superior Court, which motion was granted on March 3, 1993. On May 19, 1993, the plaintiff filed an amended complaint which transformed the Small Claims action into a foreclosure of lien under General Statute Section 47-258. The defendant filed her answer on July 26, 1993, CT Page 6701 when the parties were at issue.
After a trial to the court, the parties present and represented by counsel the court finds, determine and rules as follows:
The plaintiff, Stone Pit Hill Owners Association, Inc. is a corporation duly organized and existing under the laws of the state of Connecticut and constitutes a association of unit owners within the meaning of the unit ownership act, Chapter 825, Connecticut General Statute.
The defendant, Elizabeth Cocca, is the owner of record of unit number 10 of Stone Pit Hill Condominiums which unit is subject to the terms and provisions of the declaration and bylaws recorded in Volume 81 Page 398, of the Essex land records.
During the pendency of this action, in November of 1993, the defendant paid all accrued condominium fees plus interest and penalties. The defendant is still liable for and the plaintiff is entitled to reasonable attorney's fees. The plaintiff is entitled, in addition to unpaid common charges, the costs of collection including reasonable counsel fees and such collection charges are included in the plaintiffs' lien and "Such lien may be foreclosed by suit by the association in the like manner as a mortgage of real property and shall include reimbursement for costs and reasonable attorney's fees" General Statute 47-77(a). The defendants payment of accrued common charges interest and penalties without payment of any counsel fees does not discharge the lien which is still subject to foreclosure.
Simply put the question to be decided by the court is a reasonable attorneys' fee under the facts and circumstances in this case.
The court finds, under the facts and circumstances of this case, reasonable attorney's fees to be in the amount of $600.00, which sum is found to be the debt of this case.
The value of the property foreclosed is $51,000.00.
A judgment of strict foreclosure may enter with a law day of December 31, 1994. The defendant, Elizabeth Cocca, on or before December 31, 1994 shall pay to the plaintiff the sum of $600.00, which is the attorneys fee and the debt due the plaintiff, and CT Page 6702 that the defendant as items of cost, shall pay appraisal fee of $150.00 and a title search fee of $75.00.
Unless the defendant, Elizabeth Cocca, on or before December 31, 1994, shall pay these sums, with costs of suit, the defendant, her heirs and assignees shall be forever barred and foreclosed of all equity to redeem the premises above described.
SPALLONE STATE TRIAL REFEREE